Weygandt, C. J.
 

 The operative facts in this case are not in dispute. .
 

 Several questions are presented. However, only one requires consideration' inasmuch as it is dispositive under the particular facts of this case.
 

 The defendant interposed several defenses, One of these was a claim of negligence on the part of the plaintiff. The Court of Appeals sustained this contention. Was this correct?
 

 In the year 1932 the plaintiff dairy company employed a bookkeeper named George Reid. Among his numerous duties were the preparation of vouchers and the drawing of checks which he submitted to the company president for signature. During a period of approximately three and one-half years between June 1937 and November 1940, Reid fraudulently drew 102 checks in favor of 48 different payees to some of whom the dairy company was not indebted. All these checks were drawn on the defendant trust company and were duly signed by the president of the plaintiff dairy company. Reid forged the indorsements of the payees and then cashed the checks among his acquaintances instead of going to the defendant trust company where he was unknown. All the checks were duly received by the trust company through the clearing house and were charged to the plaintiff’s commercial account Each month the president of the plaintiff company called at the trust company and obtained a statement and can-celled checks.
 

 It appears further from the record that about a year after Reid was employed by the plaintiff company the president discovered that he had been “involved” previously in a financial difficulty as an employee of the
 
 *509
 
 Telling-Belle Vernon Company and had “made a settlement.” for a shortage in cash, after which he left that company.
 

 In the case of
 
 S. Weisberger Co. v. Barberton Savings Bank Co.,
 
 84 Ohio St., 21, 95 N. E., 379, 34 L. R. A. (N S.), 1100, this court restated the familiar rule that “where one of two innocent parties must suffer because of a fraud or forgery, justice imposes the burden upon him who is first at fault and put in operation the power which resulted in the fraud or forgery.”'
 

 Likewise, in the case of
 
 Jones
 
 v.
 
 People’s Bank Co.,
 
 95 Ohio St., 253, 116 N. E., 34, this court held that negligence on the part of a depositor in the issuance of. a check may constitute a defense in such an action against a depositary.
 

 In the instant case the forger was an employee of the plaintiff and was unknown to the defendant; he was. retained by the plaintiff long after it learned of his previous difficulty of a similar nature; the checks bore the genuine signature of the president of the plaintiff company and reached the defendant through the clearing house in the usual manner; the.plaintiff failed to discover the forged indorsements aLuough 102 cheeks, were issued and the transactions extended over a period of three and one-half years, during which time the cancelled checks and statements came into the possession of the plaintiff regularly each month.
 

 Under these circumstances this court is of the opinion that the Court of Appeals was not in error in holding that the conduct of the plaintiff precluded a recovery from the defendant. The judgment of the Court, of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Matthias, Hart, Zimmerman, Bele, Wieeiams and Turner, JJ., concur.