NATIONAL SURETY CORPORATION, Plaintiff-Appellee, v.
NATIONAL CITY BANK OF CLEVELAND,
Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25318.   Decided February 3, 1961.

*Messrs. Hollingsworth & Hollingsworth,* for plaintiff-appellee.

*Mr. Russell V. Bleecker,* for defendant-appellant.

For further history see *Omnibus Index* in bound volume.

HURD, P. J.   This is an appeal on questions of law from a judgment of the Municipal Court of Cleveland rendered in favor of the plaintiff against the defendant, the National City Bank of Cleveland.

The petition of the plaintiff, in substance, sets forth that it is a corporation authorized to conduct a general insurance

business in the State of Ohio and that the defendant is a cor poration authorized to conduct a general banking business i the State of Ohio, and that at all times therein mentioned loca union No. 535 of the United Rubber, Cork, Linoleum & Plasti Workers of America, AFL-CIO, hereinafter termed Local No 535, maintained a checking account with the defendant corpora tion at its Berea, Ohio, office, and that by virtue of prior agree ment between the defendant banking company and the Loca No. 535, all checks and drafts issued on said account were t contain two signatures.

Plaintiff further alleges that certain dated and numbered checks were drawn on the account of Local No. 535 for the re spective amounts shown therein, all of which were made pay able to Carl Cathcart. Said drafts contained the signatures o Robert M. Booth, President of Local No. 535, and Carl Cathcart as Secretary-Treasurer of said Local No. 535, and further that the signature of Robert M. Booth, as noted on said drafts, was forged and not the true signature of said Robert M. Booth and that the defendant bank honored and paid said drafts and credited (sic) the same to the account of Local No. 535, all to the damage of said local. The plaintiff says further that it insured Local No. 535 under its policy of insurance against the hazards of forgeries, embezzlements and employee dishonesty and that as a result of the issuance of the forged drafts, the plaintiff was obligated to and did pay for and to the use of the local (No. 535) the sum of $381.56, and that by virtue of such payment, it became subrogated to and assigned the entire claim of the local against the defendant bank.

The checks enumerated at length in the petition are twenty-five in number in varying amounts and are dated commencing from the third day of October, 1958, through the balance of the year 1958, and up to the fifteenth day of January, 1959. Sixteen of these checks were issued during the year 1958 and nine is sued between the fourth and fifteenth of January, 1959.

It appears from the record that Carl Cathcart, the Secretary-Treasurer of the union, whose signature was required in addition to the signature of the President, Robert M. Booth, actually forged the name of the President, said Robert M. Booth, to the checks involved in these transactions.

Upon trial, counsel for the defendant admitted the forgeries as pleaded in the petition. Counsel for the plaintiff, upon said admission by defense counsel, thereupon rested his case because as he stated "We have made a prima facie case."

The record shows that Robert M. Booth, who was called by defendant's counsel, testified, in substance, that he first discovered the forgeries in February of 1959 but did not report the same to the defendant bank until March or April of 1959. Since these forgeries dated back to the third day of October, 1958, extended to the middle of January, 1959, and were committed by one of the officers of the local union, it is our view that the local union was negligent and first at fault in not discovering these forgeries sooner than February of 1959 and was further at fault and negligent in not reporting the same until March or April of 1959.

Under these facts and circumstances, we think the rule established by the Supreme Court in *Hillside Dairy Co.* v. *The Cleveland Trust Co.*, 142 Ohio St., 507, is applicable, the syllabus of which provides:

"1. Where one of two innocent parties must suffer because of a fraud or forgery, justice requires that the loss be borne by him who is first at fault and put in operation the power which resulted in the fraud or forgery.

"2. A depositor may not recover from a depositary for loss sustained by reason of the payment of checks, each bearing a forged indorsement, when such loss is due to the negligence of the depositor through his continued, misplaced confidence in his own faithless employee who committed the forgeries and concealed them from both the depositor and the depositary."

The record clearly shows that the depositor failed to use ordinary care and prudence in dealing with its own internal affairs and in dealing with one of its own officers whom it placed in a position where he could commit the forgeries without detection for the period stated.

For the reasons stated, the judgment of the Municipal Court of Cleveland is reversed, and proceeding to enter the judgment which should have been entered by the Municipal

Court of Cleveland, final judgment is rendered for the defendant. Exceptions noted.

KOVACHY, J., and SKEEL, J., concur.